# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MARY L. DAMRON,**
**Claimant Below, Petitioner**

**FILED**
November 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0019** (BOR Appeal No. 2046213)
                    (Claim No. 2010136777)

**LOGAN GENERAL HOSPITAL, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Mary L. Damron, by John C. Blair, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Logan General Hospital, LLC, by Brad Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 22, 2011, in which the Board affirmed a July 18, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 6, 2010, Order denying the request for workers' compensation benefits for carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Damron retired from Logan General Hospital, LLC after being employed there for approximately fifteen years. Ms. Damon worked at Logan General Medical Center for the last six years as a secretary where she used a computer, handled patient charts, and cleaned her desk and charts. Prior to that, for nine years, Ms. Damron worked at Logan General Medical Center in housekeeping where her duties were mopping floors, washing and cleaning bathrooms, cleaning blinds and windows, cleaning televisions, and dust mopping floors. On April 8, 2010, Ms. Damron submitted an application for workers' compensation benefits for carpal tunnel syndrome. On July 6, 2010, the claims administrator denied Ms. Damron's application because the medical evidence did not support work related carpal tunnel syndrome.

The Office of Judges found that the preponderance of the evidence showed that Ms. Damron did not develop carpal tunnel syndrome in the course of or as a result of her employment. Ms. Damron appealed and asserts that she performed very physical and repetitive work using her hands in a stressful manner, which caused her carpal tunnel syndrome. Logan General Hospital maintains that Ms. Damron failed to prove by a preponderance of the evidence that her duties at Logan General Hospital caused her carpal tunnel syndrome.

On August 28, 2007, Dr. Joseph conducted an EMG/nerve conduction study and found moderate right-sided carpal tunnel syndrome. On June 30, 2010, Dr. Thaxton submitted a Physician's Review Report and found that the available medical evidence did not support a diagnosis for occupational carpal tunnel syndrome. On January 31, 2011, Dr. Mukkamala performed a record review and diagnosed Ms. Damron with nonspecific symptoms in both upper extremities. He noted borderline right carpal tunnel syndrome. Dr. Mukkamala found that the carpal tunnel syndrome is not causally related to Ms. Damron's occupational activities at Logan General Hospital. Dr. Mukkamala noted that Ms. Damron does have hypothyroidism, a non-occupational risk factor for the development of carpal tunnel syndrome.

The Office of Judges found that Dr. Thaxton's and Dr. Mukkamala's reports were reliable and persuasive. The Office of Judges noted that the evidence Ms. Damron provided did not explain how her job duties caused her carpal tunnel syndrome. It further noted that the description of Ms. Damron's work duties showed that her duties were varied, mostly clerical, and not forceful or repetitive in nature. The Office of Judges determined that Ms. Damron's carpal tunnel syndrome was not developed in the course of or as a result of her employment. The Board of Review reached the same reasoned conclusions in its decision of December 22, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 14, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II